Robert Lee MOORE, Plaintiff–Appellant,

v.

Reginald A. WILKINSON, et al., Defendants–Appellees.

No. 02–3452.

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

*ORDER*

Robert Lee Moore, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Moore sued multiple prison employees contending that he was improperly convicted by a disciplinary board of conspiring to take a nurse hostage. As a result of his conviction, Moore was placed in administrative control, his security status was raised, and he was transferred from the

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

prison. Moore stated that his conviction was based on a voice stress test and that he was discriminated against in his attempts to prove his innocence. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint for failure to state a claim.

In his timely appeal, Moore contends that contrary to the district court's decision, he is not challenging his placement in administrative control. Rather, he states that he is challenging the fact that his conviction was based on a voice stress test.

The district court's judgment is reviewed de novo. *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

The district court properly dismissed Moore's complaint. To the extent that Moore's complaint can be construed as challenging his confinement in administrative control, the complaint is barred by *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In *Sandin*, the Supreme Court abandoned its prior approach in determining whether state procedures created a protected liberty interest and held:

> Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 483–84, 115 S.Ct. 2293 (citations omitted).

As Moore was simply placed in administrative segregation, the punishment did not impose "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. 2293. Therefore, the district court did not err in dismissing Moore's complaint pursuant to *Sandin* as to his placement in administrative control.

As for Moore's allegations that his conviction was based on discriminatory practices, prisoners found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction unless the conviction or sentence is reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *See Edwards v. Balisok*, 520 U.S. 641, 647–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Huey v. Stine*, 230 F.3d 226, 230–31 (6th Cir.2000). Moore does not state that his disciplinary conviction has been reversed. Thus, he fails to state a claim under § 1983.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.